IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PROTECTIVE INSURANCE COMPANY | § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. 4:20-CV-01084-O |
| SPOTTED LAKES LLC, ET AL., | § § § | |
| Defendants. | § § | |

## DEFAULT JUDGMENT

Before the Court is Plaintiffs' Motion for Default Judgment (ECF No. 47), filed May 5, 2021. Having considered the Motion, relevant law, and applicable facts, the Motion should be **GRANTED.**

**I. BACKGROUND**

Plaintiff Protective Insurance Company ("Plaintiff") commenced a declaratory judgment action to establish that an excess indemnity contract did not give rise to a duty to defend or indemnify Defendant Spotted Lakes, LLC d/b/a 1845 Oil Field Services ("Spotted Lakes") in an underlying action arising out of a multi-vehicle accident with a Spotted Lakes employee, Neo Moreno Jr. ("Moreno") and Defendants Ricardo Rangel ("Rangel") and Roberto Perez ("Perez"). Pl.'s Mot. Default J. 4, ECF No. 47.

Plaintiff issued an excess indemnity contract ("Contract") to D & T Holdings, LLC ("D&T"). *See* Pl.'s App. 6–38, Ex. B, ECF No. 29. The Contract lists Spotted Lakes as a "related insured," and provides that Plaintiff will indemnify Spotted Lakes for losses arising from "trucking operations." Pl.'s App. 9, 23, Ex. B, ECF No. 29. The Contract does not require Plaintiff to provide

1

a defense to an insured. Pl.'s App. 19, Ex. B, ECF No. 29. The Contract also does not require Plaintiff to reimburse defense costs in excess of self-retention until an underlying action has concluded and the insured's liability is covered under the Contract. Pl.'s App. 18, Ex. B, ECF No. 29.

Spotted Lakes is an oil field services company where Moreno was employed as a sand coordinator. Pl.'s Mot. Default J. 11, ECF No. 47. Moreno did not drive trucks or transport property by vehicle as part of his job duties. Pl.'s Compl. 8, ECF No. 1. Spotted Lakes gave Moreno an allowance to fund hotel stays near work sites. *Id.* In the early morning hours of July 12, 2017, Moreno clocked out from a night shift and went to his hotel to gather his belongings. *Id.* After gathering his things, Moreno started to drive home via Interstate 35. *Id.* at 9. Around 8:00 A.M., Moreno's car crossed the center median of the interstate. *Id.* His car was struck by two oncoming vehicles, a tractor trailer and a pickup truck. *Id.* Moreno died in the accident. *Id.* Perez was driving the pickup truck that struck Moreno's vehicle, and Rangel was Perez's passenger. *Id.*

Perez and Rangel sued Spotted Lakes to recover damages for their injuries under theories of vicarious liability and negligence. Pl.'s Compl. 1–2, ECF No. 1. Spotted Lakes notified Plaintiff of the accident and that Spotted Lakes was named as a defendant in the underlying action. *Id.* at 9. Plaintiff sent a letter to Spotted Lakes that explained its preliminary position about the claim and finding that the accident did not arise out of "trucking operations" and that Moreno was not acting within the course and scope of his employment at the time of the accident. *Id.* Plaintiff reserved its right to deny coverage. *Id.* Plaintiff agreed to reimburse Spotted Lakes for its defense costs, but reserved rights to "deny all coverage and future expense reimbursements." *Id.* When Spotted Lakes counsel sent a letter to Plaintiff requesting reimbursement for defense costs above the self-insured retention amount, Plaintiff declined to pay voluntary reimbursements. *Id.* at 10.

Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201, declaring that the Contract did not give rise to a duty to defend Spotted Lakes and provides no coverage for the claims and damages sought in the underlying action, *Ricardo Rangel, Sr. v. Royal Express, Inc., et al.*, Cause No. 2017CVA001620D1. Pl.'s Mot. Default J. 4, ECF No. 47. Plaintiff named Spotted Lakes, Rangel, and Perez as defendants. *Id.* at 1. Spotted Lakes has appeared and is not in default in this case. *Id.* at 6. Rangel and Perez are in default because they have failed to appear or otherwise respond. Plaintiff now moves for a default judgment against Rangel and Perez.

**II. LEGAL STANDARD**

Rule 55(b)(2) of the Federal Rules of Civil Procedure allows courts to enter a default judgment against defendants who fail to answer, plead, or otherwise respond to a properly served complaint. The Fifth Circuit requires a three-step process for entry of a default judgment. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a *default* occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *Id.* (citing Fed. R. Civ. P. 55(a)). Next, an *entry of default* may be entered "when the default is established by affidavit or otherwise." *Id.* (citing Fed. R. Civ. P. 55(a)). Last, a plaintiff may then apply to the clerk or the Court for a *default judgment* after an entry of default is made. *Id.* (citing Fed. R. Civ. P. 55(b)).

The Court has the discretion to grant or deny a default judgment, even though they are seen as "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). The Court recognizes that a default judgment may not be entered against an infant or incompetent person unless represented in the action by a general guardian, conservator, or other like fiduciary who has appeared. Fed. R. Civ.

P. 55(b)(2). Likewise, a default judgment may not be entered against an individual in military service until an attorney is appointed to represent the defendant. 50 U.S.C. app. § 521.

In determining whether a default judgment should be granted, the Court's analysis is twofold. First, to determine whether entry of default judgment is procedurally appropriate, the Court considers the following six non-exhaustive factors: (1) whether there are material issues of fact; (2) whether the default was caused by a good faith mistake or excusable neglect; (3) whether there has been substantial prejudice; (4) the harshness of a default judgment; (5) whether the grounds for a default judgment are clearly established; and (6) whether the Court would be obligated to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Second, the Court must assess the merits of Plaintiff's claims and the sufficiency of the Complaint. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered.").

### III. ANALYSIS

#### A. Procedural Appropriateness of Default

The Court finds that the six *Lindsey* factors weigh in favor of granting default judgment to Plaintiff. First, no material facts are in dispute. A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact." *Nishimatsu Constr. Co.*, 515 F.2d at 1206; *Texas Guaranteed Student Loan Corp. v. Express Moving, L.L.C.*, No. 3:09-cv-824-O, 2010 WL 727756 at *1 (N.D. Tex. Feb. 26, 2010) (O'Connor, J.). Second, no evidence suggests that Rangel and Perez's failure to defend this action arises from "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Rather, the defendants are willfully in default after being properly served with a copy of the summons and complaint. Third, Rangel and Perez's failure to appear causes Plaintiff substantial

prejudice by preventing it from receiving expeditious relief. *See United States v. Fincanon*, No. 7:08-cv-61-O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (O'Connor, J.) (holding that the defendant's failure to respond brought the adversary process to a halt and prejudiced the plaintiff's interests). Fourth, the harshness of default judgment is not excessive because Plaintiff only seeks a declaratory relief with no issue of damages. Fifth, the grounds for default are established because the defendants have been unresponsive. If the failure to respond is "plainly willful, as reflected by a [party's] failure to respond either to the summons and complaint, the entry of default, or the motion for default," then default judgment is appropriate. *See Roto-Rooter Corp.*, at *2 (citing *Holladay v. OTA Training, LLC*, No. 3:14-CV-0519-B, 2015 WL 5916440, at *4 (N.D. Tex. Oct. 8, 2015)). Lastly, no facts lead the Court to believe "good cause" is present to set aside the default judgment. *See Lindsey*, 161 F.3d at 893. Plaintiff has established that neither Rangel nor Perez are infantile, incompetent, or currently engaged in military service. Pl.'s App. Mot. Default. J. Ex. G-H, ECF No. 29. Thus, the requirement set forth in 50 U.S.C. app. § 521(b)(1) is fulfilled. Accordingly, default judgment is procedurally appropriate, therefore, the Court must address the substantive basis for default judgment.

**B. Basis for Judgment**

The Court accepts as true the well-pleaded allegations in Plaintiff's complaint. *See Nishimatsu*, 515 F.2d at 1206 ("The defendant[s], by [their] default, admits the plaintiff's well-pleaded allegations of fact[.]"). Because Defendants have failed to answer or otherwise respond, the Court will now review the complaint to determine whether Plaintiff has established a viable claim for relief against these Defendants.

Plaintiff's claims for declaratory relief are as follows: (1) the Contract does not obligate Plaintiff to provide a defense or reimburse defense costs incurred by Spotted Lakes in the

5

underlying action; (2) Plaintiff cannot be liable for indemnity under the Contract because the claims in the underlying action did not arise out of "trucking operations" as that term is defined in the Contract; and (3) the claims in the underlying action arise out of Moreno's actions taken outside the course and scope of his employment.

Plaintiff's claims about its duty to defend, reimburse defense costs, and duty to indemnify are analyzed using the rules of insurance contract interpretation. A "duty to defend does not arise until a petition alleging a potentially covered claim is tendered to the insurer." *Lafarge Corp. v. Hartford Cas. Ins. Co.*, 61 F.3d 389, 400 (5th Cir. 1995). "Texas strictly follows the 'eight corners rule,' meaning the duty to defend may only be determined by the facts alleged in the petition and coverage provided in the policy." *Gilbane Bldg. Co. v. Admiral Ins. Co.*, 664 F.3d 589, 596 (5th Cir. 2011) (citing *Pine Oak Builders, Inc., v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650, 654 (Tex. 2009)). In performing the eight-corners review, the Court will not read into the pleadings, look outside the pleadings, or speculate scenarios that might trigger coverage. *Id.* at 596; *see also Nat'l Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 142 (Tex. 1997).

Texas rules of contract interpretation apply in this diversity case. *Ideal Mut. Ins. Co. v. Last Days Evangelical Ass'n, Inc*., 783 F.2d 1234, 1238 (5th Cir. 1986) (holding that state law rules of construction govern in diversity cases). In Texas, the interpretation of contracts is governed by the same rules that apply to contracts in general. *Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 369 (5th Cir. 1998). Under Texas law, a court must give effect to the parties' intentions as expressed by the policy language. *Colony Ins. Co. v. Robinson*, No. CIV.A. H-09-3830, 2010 WL 3522983 at *2 (S.D. Tex. Sept. 8, 2010) (citing *Ideal Lease Serv., Inc. v. Amoco Prod. Co.*, 662 S.W.2d 951, 953 (Tex. 1983). The Court will give the words in an insurance policy their plain meaning unless there

is an indication to use a technical meaning. *Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex. 1984).

**1. Plaintiff does not have a duty to defend Spotted Lakes in the underlying suit.**

The Contract provides that a "related insured" like Spotted Lakes "shall investigate, settle or defend all claims and shall conduct the defense and appeal in all actions, suits, and proceedings commenced against it or the company if the company is named as a defendant." Pl.'s App. 19, Ex. B, ECF No. 29. Spotted Lakes is named as a "related insured" and is named as a defendant in the underlying action. Pl.'s App. 23, Ex. B, ECF No. 29; *see* Pl.'s Compl. 1, ECF No. 1. Thus, Spotted Lakes is obligated to investigate, settle, or defend itself in the underlying action pursuant to the Contract, and Plaintiff is not. Because the Contract establishes Plaintiff has no duty to defend in any suits against a "related insured," it is unnecessary to evaluate whether the pleadings give rise to a potentially covered claim.

In addition, the Contract does not require Plaintiff to pay reimbursements for defense costs until there is an ultimate net loss for a covered claim. Pl.'s App. 18, Ex. B, ECF No. 29. Therefore, Plaintiff is not required to reimburse Spotted Lakes for defense costs in excess of its self-retention until the underlying proceeding has concluded and Spotted Lakes' liability is established to be covered under the Contract. Therefore, Plaintiff has established it does not have a duty to defend Spotted Lakes or reimburse it for defense costs.

**2. Plaintiff does not have a duty to indemnify Spotted Lakes in the underlying suit.**

"Facts actually established in the underlying suit control the duty to indemnify." *Pine Oak Builders, Inc., v. Great Am. Llyods Ins. Co.*, 279 S.W.3d 650, 656 (Tex. 2009). Thus, the duty to indemnify typically cannot be adjudicated until there has been a judgment in the underlying action. *Hartford Cas. Ins. Co. v. DP Eng'g, L.L.C.*, 827 F.3d 423, 431 (5th Cir. 2016) (citing *Farmers*

*Texas County Mutual Ins. Co., v. Griffin*, 955 S.W.2d 81, 85 (Tex. 1997)). However, the duty to indemnify can be resolved solely on the pleadings in the underlying lawsuit "when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility that the insurer will ever have a duty to indemnify." *Farmers Texas County Mutual Ins. Co., v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) (emphasis omitted).

Here, the express language of the Contract establishes that Plaintiff has no duty to defend. Likewise, the language of the Contract negates the possibility that Plaintiff will have a duty to indemnify here. The Contract provides that Plaintiff shall indemnify related insured(s), like Spotted Lakes, only for occurrences arising out of "trucking operations." Pl.'s App. 9, Ex. B, ECF No. 29. The Contract defines "trucking operations" as "those activities necessary to the business of transporting property by vehicle for hire." Pl.'s App. 17, Ex. B, ECF No. 29.

Rangel and Perez's allegations about Moreno's actions and Spotted Lakes' training and scheduling do not pertain to "trucking operations," and thus do not give rise to a potentially covered claim. First, Moreno's commute home after his last shift of the week was not an activity necessary to the business of transporting property by vehicle for hire. He was not transporting property for Spotted Lakes on his commute home. Pl.'s Compl. 8, ECF No. 1. Likewise, the acts or omissions of Spotted Lakes that Rangel and Perez allege are negligent are not activities necessary to the business of transporting property by vehicle for hire. Rangel and Perez contend that Spotted Lakes was negligent in requiring Moreno to work night shifts and long hours without providing proper fatigue training. Pl.'s Compl. 9, ECF No. 1. Spotted Lakes' acts and omissions in the training and scheduling of employees are not trucking operations under the definition in the Contract because they are not necessary to the business of transporting property by vehicle for hire.

No facts alleged in the underlying suit fall under the definition of "trucking operations" and therefore do not give rise to a potentially covered claim under the insurance policy. Plaintiff does not have a duty to indemnify Spotted Lakes for a non-covered claim. Thus, Plaintiff has established it does not have a duty to indemnify Spotted Lakes in the underlying action.

**3. Moreno's commute falls outside the course and scope of his employment.**

An employer can be held vicariously liable for an employee's actions when the employee is acting within the course and scope of his employment. *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex. 1971). Under Texas Law, "an employee acts within the course and scope of his employment when his actions are: (1) within the general authority given to him by his employer; (2) in furtherance of the master's business; and (3) for the accomplishment of the object for which he is employed." *Palmer v. Flaggman*, 93 F.3d 196, 199 (5th Cir. 1996) (citing *Robertson Tank Lines*, 468 S.W.2d at 357 (Tex. 1971)).

Under the coming-and-going rule, an employee is generally not acting within the course and scope of his employment when traveling to and from work, absent other factors. *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 139 (Tex. 2018); *GuideOne Mutual Ins. Co. v. Grace Christian Ctr. Of Killeen, Tex., Inc.*, 156 F. Supp. 3d 831, 837 (W.D. Tex. 2015). "Those 'other factors' create exceptions to the general rule." *GuideOne Mutual*, 156 F. Supp. 3d at 837 (internal quotation marks omitted). "When transportation is furnished or paid for by the employer, it raises a rebuttable presumption that the employee was in the course and scope of employment at the time of the accident." *Id.* Another exception arises when an employee's travel involves the performance of regular or specifically assigned duties for the benefit of the employer. *Painter*, 561 S.W.3d at 139.

9

The automobile accident giving rise to the underlying claim occurred after Moreno got off his last work shift of the week. Moreno was driving his personal vehicle to go home. Moreno was off-the-clock and was driving for reasons unrelated and unnecessary to his employment. He was not compensated for his transportation home. His commute did not involve the performance of his duties for Spotted Lakes. Therefore, Plaintiff has shown that Moreno's commute home was not within the course and scope of his employment by Spotted Lakes.

### IV. CONCLUSION

Because Rangel and Perez failed to answer or otherwise appear, and Plaintiff has carried its burden to establish each of its claims for declaratory relief, the Court **GRANTS** Plaintiff's Motion for Default Judgment (ECF No. 47).

**SO ORDERED** on this **27th day of October, 2021.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**